CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 1 8 2011

BY: JULIA C. DUDLEY, CLERK
/DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>GREGORY THOMAS MILLER<br>*Defendant.* | No. 6:11–cr–00004<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

The Government has moved, for the second time, to continue this child pornography case, which is currently scheduled to be tried by a jury on October 26–28, 2011. The Court conducted a hearing on the Government's Motion on Friday, October 14, 2011 in Lynchburg, VA. For the reasons that follow, I will GRANT the Motion.

## I. BACKGROUND

The facts are alleged as follows in the Government's two Motions to Continue Trial (docket nos. 18 and 42, respectively; hereinafter "1st Mot." and "2d Mot."). On October 16, 2010, National Park Service Rangers stopped the Defendant Mr. Miller's truck at a checkpoint on the Blue Ridge Parkway. 1st Mot. ¶ 1. The Defendant was a passenger in the vehicle; a teenage[1] girl was driving, unlicensed. 1st Mot. ¶ 1. The girl admitted that she was from Michigan, and that her parents did not know she had left home with Miller. 1st Mot. ¶ 1. The

---

[1] The Government's first Motion to Continue states that "a seventeen-year-old girl was driving the truck," 1st Mot. ¶ 1, but Defendant's Motion to Suppress (docket no. 41) states that she was *sixteen* at the time of the stop. Def's. Mot. 2. The girl's exact age at the time of the stop, however, is inconsequential for purposes of the instant Motion.

1

Rangers charged Miller with possessing marijuana and contributing to the delinquency of a minor, both petty offenses. 1st Mot. ¶ 1.

The Rangers seized Miller's computer during a search of the car.[2] 1st Mot. ¶ 2. The National Park Service sought the assistance of the Federal Bureau of Investigation to "look into the case more." 1st Mot. ¶ 2. Accordingly, the FBI examined Miller's property, and found a series of videos on the computer showing the teenage girl performing sex acts when she appeared to be approximately fourteen or fifteen. 1st Mot. ¶ 3.

Miller was indicted on February 23, 2011 for possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2). 1st Mot. ¶ 3. Believing that Miller was the male appearing in the videos, but needing more time to confirm that suspicion, the FBI continued to investigate who made the videos. 1st Mot. ¶ 3.

Miller was set to appear on March 17, 2011 in the United States Magistrate's Court in Charlottesville to answer for the October 16, 2010 petty offenses; however, the United States received word that Miller had been hospitalized in Rome, Italy on March 14 or 15, 2011, and subsequently arrested. 1st Mot. ¶¶ 4–5; 2d Mot. ¶ 2. The United States filed an informal extradition request on April 1, 2011, and a formal request on April 28, 2011. 1st Mot. ¶ 7. Miller eventually consented to his extradition from Italy, and the Italian government turned him over to the United States pursuant to the Extradition Treaty between the two governments. 1st Mot. ¶ 8.

The terms of Miller's extradition have given rise to both of the United States' Motions to Continue. Article XVI of the extradition treaty between the United States and Italy addresses the "Rule of Specialty and Re-Extradition," and establishes that a person extradited under the terms

---

[2] Defendant separately moves the Court to suppress all physical evidence, statements, and other evidence obtained or derived as a result of the unlawful search of the Defendant's vehicle and other possessions. (docket no. 41). A hearing on that Motion has been set for Friday, October 21, 2011. That hearing is unaffected by this Opinion.

2

of the treaty may not be detained, tried, or punished by the requesting party *except for the offense or offenses for which the extradition has been granted*, or when the same facts for which extradition was granted constitute a different extraditable offense, unless competent authorities in the extraditing country waive the Rule and consent to the person's detention, trial, or punishment. Extradition Treaty between the Government of the United States of America and the Government of the Italian Republic, U.S.–It., Oct. 13, 1983, U.N.T.S. 27835. Because Italy extradited Miller solely under the original possession charge, the United States cannot try Miller for the superseding charges unless Italy now waives the Rule of Specialty.

After extradition, Miller made an initial appearance and was arraigned in the United States Magistrate Court in Charlottesville on May 19, 2011. 1st Mot. ¶ 8. Miller was to stand trial on July 27, 2011, but on July 14, in the interest of justice, I granted the Government's Motion to Continue Trial so that the United States could seek a superseding indictment against Miller and request that the Italian Republic waive the Rule of Specialty, thereby allowing Miller to be prosecuted on the new charges.[3] 2d Mot. ¶ 4.

On July 21, 2011, a federal grand jury returned a Superseding Indictment against Miller, charging him with seven counts of producing child pornography in interstate commerce in violation of 18 U.S.C. § 2251(a), one count of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(1), one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(A) and § 2252(b)(2), and one count of possessing marijuana in violation of 21 U.S.C. § 844. 2d Mot. ¶ 5; docket no. 27.

---

[3] The instant Motion to Continue is substantially the same as the first such Motion. (docket no. 18). In its first Motion, the Government sought a general continuance while it sought a superseding indictment, prepared to file a request for waiver of the Rule of Specialty, and then waited on a ruling on that request. *See* 1st Mot., at 8. In the alternative, the Government requested a 150 day continuance (with leave to file an additional motion should Italy still be considering the request), or, again in the alternative, a 95 day continuance (with leave to file an additional motion). I granted the first Motion on July 14, and I elected to adopt the 95-day alternative. Trial was re-scheduled for October 26, 2011. Since then, the Government has gotten a Superseding Indictment, but continues to wait for Italy to adjudicate the waiver request.

3

The United States formally submitted its motion asking Italy to waive the Rule of Specialty on September 23, 2011. 2d Mot. ¶ 6. The Italian prosecutor responsible for handling the United States' motion, however, has indicated to the United States Attaché in Rome that if Miller contests the request for waiver of the Rule of Specialty—and Miller's attorney as advised the Court that he will—the Italian courts will require some four to six months fully adjudicate the request. 2d Mot. ¶ 6–7.

Given the estimated four to six months required for the Italian government to litigate the United States' waiver request, the United States moves for a "general continuance of the case while Miller opposes the waiver of the Rule of Specialty in the Italian Courts with (a) leave to reset trial upon the resolution of the request and (b) with the time from the granting of this motion until the date of trial excluded from the Speedy Trial Act." 2d Mot. at 6. Alternatively, the Government requests a continuance of "approximately 180 days with an agreed trial date of April 9–11, 2012, all time from the granting of this motion until the date of trial excluded, with leave to file an additional motion for continuance should the waiver request of the United States still be pending at that time." 2d Mot. at 6.

## II. Applicable Law

The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* ("Act"), requires that a criminal defendant's trial commence within seventy days after he is charged or makes an initial appearance, whichever is later. *Id.* at § 3161(c)(1); *Bloate v. United States*, 130 S. Ct. 1345, 1349 (2010). Upon motion of the defendant when that deadline is not met, the Act requires a dismissal of the charges. 18 U.S.C. § 3162(a)(2). The Act, however, enumerates certain events that justify the exclusion of associated delays from the seventy day period. 18 U.S.C. § 3161(h); *Bloate*, 130 S. Ct. at 1349. One such delay is "delay resulting from a continuance" granted by

4

the district court, provided that the district court finds that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a continuance can be granted by the court *sua sponte*, or at the request of either the defendant or the government. *Id.*

Subparagraph (B) sets out certain factors that a district judge shall consider in deciding whether to grant a continuance. Those factors, "among others," include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the . . . attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

### III. DISCUSSION

As was true when I considered the Government's first Motion, if I do not continue the case, then Miller will receive a benefit that a similarly-situated—but domestically arrested—defendant would not have: the avoidance of a superseding charge by the mere fact that he was arrested in Italy, and extradited on charges that have since been superseded. That is, unlike the domestically-arrested defendant, Miller cannot be tried on the superseding charges unless the Italian government waives the Rule of Specialty.

5

I granted the Government's first Motion to Continue, considering substantially the same arguments from the parties, on the dual grounds that the Government, at the time, was both (1) seeking to charge the Defendant with additional crimes and (2) seeking certain approvals from the Italian government through formal diplomatic channels. The Government argued that not granting its Motion would work a miscarriage of justice, and although the Government has since returned a Superseding Indictment against the Defendant, that Indictment is worthless to the United States unless and until the Italian government waives the Rule of Specialty. In that sense, the Government's position that the ends of justice weigh in favor of a second continuance remains strong, and I hereby accept it. I do not find that conducting separate trials on the original charge and then the superseding charges—even if permissible under the Double Jeopardy clause, which I do not decide—would further the ends of justice.

I do note that the Government made its formal waiver request on September 23, 2011, which appears to be more than two months after the United States learned "what information [the United States] would need to include in its request." *See* 1st Mot. ¶ 20–21. While the United States set forth reasonable explanations for that particular delay, the Government should pursue further proceedings as expeditiously as possible, given the time required to adjudicate this matter abroad.

### IV. CONCLUSION

Because the United States has not yet received a decision regarding whether the Italian Republic would waive the Rule of Specialty as it applies to the Defendant, I find that granting a second continuance serves the ends of justice. The case shall be CONTINUED until April 9–11, 2012. If, however, Italian adjudication of the waiver issue concludes substantially sooner than April 9, 2012, then I direct the parties to seek a commensurately earlier trial date with the

6

Court's Scheduling Clerk. All such time until trial shall be EXCLUDED from the calculations in 18 U.S.C. § 3161.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

It is so ORDERED.

Entered this 18th day of October, 2011

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

7

Case 6:11-cr-00004-NKM   Document 47   Filed 10/18/11   Page 7 of 7   Pageid#: 249